The third case in which we'll hear our oral argument this morning is number 05-1547, Highway Equipment Co v. Feco LTD. Mr. Tank? Thank you, Your Honor. And you've reserved five minutes of your time for rebuttal, correct? That's correct, Your Honor. Okay. You can start whenever you're ready. May it please the Court, there are two issues that I want to address this morning. The first one relates to the question of statutory construction with respect to the wrongful termination claim decided by Judge Jarvie. This is the Iowa statute? This is the Iowa statute, Your Honor. Mr. Tank, are you aware of the fact that the Iowa legislature has amended Section 322F7? I was aware that there was an effort underway to amend, but I wasn't aware that the amendment had been approved. The effort to amend was to address the concern created by Judge Jarvie's decision, but I can't speak to the Court as to the status of that. My research suggests that on February 23rd of this year, the legislature amended Section 322F7 to make it clear that a violation of the chapter is a failure to comply with a provision of this chapter, including performing an act prohibited by this chapter or not performing an act required by this chapter. And this was passed in direct response to and with specific reference to this very case. I spoke with the entity, the amicus groups, earlier this week and just had not gotten that information, Your Honor, so I'm embarrassed to say that I was not aware of that, if in fact that was the case. I'm a little surprised that you didn't find it and bring it to our attention, because I certainly think that it helps your argument. I'm happy that you found it, Your Honor, and as I said earlier, I'm embarrassed that I did not know that. I think that does help our position, and I think that the District Court's conclusion that 322F7 was a definitional section when clearly the definitional section in the statute said nothing about what was intended by the word violation. Well, does it help your argument or hurt it in the sense that the legislature obviously found it necessary to clarify something or perhaps to add something that hadn't been included before? Do we have legislative history in Iowa? There was no legislative history on this statute. I think it helps us to the extent it clarifies what the intent was earlier and in response to Judge Jarvie's decision. But the legislature could have been saying one of two things. It could have been saying we agree that the earlier statute didn't reach this, and now that we realize that, we want to extend it. Or it could be saying we want to make clear that the original statute was intended to cover this, and we don't know which it is, right? I don't think it proves intent for the earlier act. I think it tends to suggest, however, that the legislature in seeing Judge Jarvie's decision felt that it needed to be addressed, and whether it was a clarification or a change I think is debatable, but it seems to me that in direct response to a decision by a magistrate district court judge is more reflective on codifying the original intent rather than changing the statute to cover something that wasn't intended to be covered. But we don't know which it is. I wouldn't imagine that it can be clear on the record what in fact they had done. The statutory construction issue really is simple, which is whether the word violation has a special meaning or whether it has the normal and accepted meaning. If it has the normal and accepted meaning, clearly what happened here was a violation. If the legislature intended a special meaning and limited to the violations enumerated in the subset part of the act, then they should have done so in the definitional section. Well, your problem, though, is that the provisions as a supplier violates this chapter if the supplier does any of the following, and the list there doesn't include this termination without adequate notice. And then the question, your honor, from that is what conclusion can the court reach from the fact that the termination without cause or without notice is not included in the list? And the question then becomes, does that subpart of the statute intend to define violation in a limited way? And I would suggest to the court that if the legislature intended to define violation in that very limited way, they would have included the word violation in the definitional section of the statute. Failing to do that, the Iowa law is clear that a word not specially defined contains its or has its normal meaning. And I don't know how anyone reading the statute and knowing that the violation, Well, should we be deciding this question at all in the sense that if we were to conclude that this attorney's fee statute isn't applicable here because it only applies to prevailing parties, for example, and that under Buchanan your client wasn't a prevailing party, and that would end up in dismissing the litigation, don't we have cases saying that under those circumstances we shouldn't go on and decide a pendent state law claim? Well, I think the, you mean in other words, if you found that the court didn't have jurisdiction to entertain the attorney fee issue? Well, I don't know whether jurisdiction, but just say that we decide that the attorney's fee claim should be dismissed because it can't be brought under the statute. Isn't, aren't there some cases suggesting that if the patent law claim is dismissed that we then shouldn't go on and decide the pendent state law claim? I am not aware of the statute or the cases that you're referring to, Your Honor. I think the court, the district court could have elected to make a decision under the Iowa statute, at least in the context of when the decision was made while there was a federal question for it. Well, let me ask you directly. This, the Iowa law question seems not to be an easy one. We don't have a lot of expertise in Iowa law. Wouldn't we be better off dismissing this aspect of the case and allowing you to bring this claim in the Iowa courts? Well, I mean, I, frankly, Your Honor, there is not a lot of expertise that has developed in the Iowa courts with respect to this statute. So I think, and Judge Jarvie, in his, reaching his ruling, really didn't have any special capability of deciding the Iowa statutory issue. There was not a body of case law that had evolved around this provision such that he would be in a better position to decide it than you, or that would suggest that a state court judge would be in a better position to decide this issue than he did. So it seems to me whoever decides it is going to have to decide the question based on simply reading the statute and construing the intent based on the statute as a whole. Let me move on to the exceptional case argument, and I'm... Can I address the question about, I mean, this statute does use the term prevailing party, and why, in accordance with all these other statutes that use the term prevailing party, shouldn't we construe it the same way and apply the Buchanan rule? And apply what, Your Honor? The Buchanan rule. On the wrongful termination? Oh, you're talking about the exceptional case standard? I thought you had moved on to exceptional. I had moved on. The Buchanan decision, I don't think, limits the... Well, I think we are the prevailing party under the law enunciated in Buchanan. You are? How? There was a dismissal with prejudice of all the patent claims. But that was only because you requested it. Well, the Buchanan court held that in order for there to be a prevailing party under those circumstances, that the catalyst theory was not enough, that the result ordered, or that the result of the litigation must have a judicial imprimatur. That was the standard enunciated in Buchanan. And to me, a dismissal by the court with prejudice is the addition of a judicial imprimatur on the covenant not to sue. Doesn't Judge Schull's opinion in rights services reject virtually that same argument? There are several cases from this court that talk about the fact, and I'm not clear on the rights services case, but the Brooks Furniture case, for example, talks about in order to determine prevailing party, you look at the effect of the litigation as a whole, and whether the litigation as a whole has... The case after Buchanan says that the mere fact that somebody moves to dismiss and that the court enters an order of dismissal entitles the other party to attorney's fees. Well, the Power MOSFET Technologies case versus Siemens, a 2004 case from this court states that the dismissal of a claim with prejudice is a judgment on the merits under the law of the federal circuit. Yeah, but that wasn't a case in which it was voluntarily dismissed with prejudice, is it? You know, I think there was not a full, if I'm recalling correctly, Your Honor, I think in that case there was not a full adjudication on the merits. I think there was simply... You don't have to have a full adjudication on the merits of the question I'm asking. Is that a case in which one party voluntarily dismissed? I don't think it was a voluntary, the result of a voluntary act, but I also think that that ruling was based on something less than a full hearing on the merits. And I guess when a plaintiff volunteers to dismiss a case, the district court is then faced with the decision of whether to make that dismissal with or without prejudice. The decision is whether to place the court's imprimatur on that event. And it seems to me what Judge Jarvie did here in dismissing the case with prejudice placed the judicial seal, if you will, on that result and affected legally the rights among the litigants conclusively from a judicial standpoint. And I think that's the test in Buckhannon and I think that's the test that has been adopted by this court. The exceptional case... Now, Mr. Tank, you're into your rebuttal now. I'm sorry, Your Honor, let me just sit down and I will address, if I can, some of my issues on the exceptional case. Well, you'll have your full rebuttal time. Thank you, Your Honor. We'll give you your full five minutes. Mr. Holtman? May it please the Court, my name is Steve Holtman. I represent the Apple Lee Highway Equipment Company in this case. Judge Lynn, to your question, we have been tracking that legislation and all I can say is, and we may have missed it, but along with Mr. Tank, we were not aware of the fact that the legislature had adopted that amendment. The date that you gave, my recollection is that's the date it was maybe reported out of committee or considered by the committee, but in any event, as I stand here today, I'm also not aware that the Iowa legislature amended that. Be that as it may, it doesn't change the argument with respect to this case. I don't believe it's retroactive and this Court needs to address this Iowa statute as it was addressed by Judge Jarvie Below. It does raise the question as to whether this reflects the intent of the statute as it was originally enacted, that Section F7 is not an exclusive or exhaustive list, but simply a list of violations. And I agree with that. And to respond to Judge Dyke's question, I mean, there's no way that this Court or any other court can discern the legislative intent because Iowa does not have, unlike the federal system, we do not have legislative history, we do not have congressional records, reports of this nature. So we could debate all day what any such amendment shows or does not show. We obviously feel, while we're on this point, we obviously feel that Judge Jarvie was correct in the way he interpreted and construed that statute, that it's a matter of straight statutory construction. He found it not to be ambiguous. The legislature came up with a definite scheme as to how it wanted to address this relationship as it pertains to this particular industry. Do we have the authority just to say, this is too hard, there's no federal claim here if you win on that ground, and we'll send it, we'll let you go to, the two of you go to the Iowa courts and resolve it? Well, that's an interesting question, Your Honor, because it basically dovetails into our argument that we're strenuously urging this Court that there was simply no subject matter jurisdiction for this Court to enter the order, the judgment that it did. Obviously, the ruling on the motion for summary judgment as it pertains to the Iowa Act is an interlocutory ruling. No summary judgment ruling is final until it is incorporated into and has become a final judgment. That was not done by this Court until after we went through this four-day hearing on this attorney fee issue. So when the judgment, the final judgment came down, I think it was April 22nd or 23rd or whatever, that's when that got picked up and became a final judgment subject to appeal. So I think there's a real question as to whether or not at that point the Court had jurisdiction, appended jurisdiction over this Iowa Act, because our fundamental position is that the Court had no jurisdiction on any matter in this case after we filed the covenant not to sue. That's it. We, as you know, subject matter jurisdiction is essential to an Article III Court. Once we coveted not to sue, there was simply no dispute between these parties. The FECO was free to manufacture, sell, do whatever it wanted to do. And based on that, there was no case or controversy that could support jurisdiction. And this Court, I believe, Judge Dyke, in the Hudson case, you made that pretty clear in terms of statutes other than the patent statutes, because you talked about, as this Court and others have established, there cannot be an award of attorney's fees unless the Court has jurisdiction of the action. And you cite the Senator case, which we rely upon out of the Second Circuit, that when there's no subject matter jurisdiction to proceed with the substantive claim, as a matter of law, that lack of jurisdiction bars an award of attorney's fees under Section 285. Well, under that case, it wasn't 285. It was the Civil Rights, 1942-1988. So the question becomes... The Covenant may have divested the Court of Jurisdiction over the declaratory judgment counterclaims, but did it extinguish the Court's jurisdiction over the infringement claim? Well, yes, because we brought the infringement claim, and we coveted not to sue for infringement. And so that goes back to SuperSAC and its progeny that our claim for infringement and any counterclaim having to do with declaratory judgment for invalidity and unenforceability and so forth, they all go. Well, certainly the counterclaims go. This is no longer a case of controversy. Well, our claim goes, too, because we've coveted not to sue. We're not going to sue the defendant for infringement. So there is no case of controversy between us and the defendant as it pertains to infringement. So the underlying... Did the district court, in effect, treat that as a concession, in effect, on the merits, warranting the dismissal with prejudice? No, I think the district court and the parties both accepted SuperSAC and its progeny that there's no dispute that the underlying patent claim that we were making and the underlying declaratory judgment counterclaim, those were gone. And at that stage, there was no dispute between the parties that could allow an Article III court to resolve any controversy. At that point, the court simply becomes an advisory court, and federal judicial power does not permit that as our fundamental position. But what the court went on to do is to say, well, but there's some exception for attorney's fees, and I do have the jurisdiction to continue on, and that's where we part company with the district court. We think that the Hudson case of this court applies here, and even on a subject matter jurisdiction level, the case should have been over, including the attorney's fees. Now, we also, and we think, at least we submit to your honors, that this is an area of the law that needs to be addressed and needs to be cleaned up for us practitioners, because there is a split of authority out there. The district courts are all over the place as to the ability to deal with attorney's fees after there's been a covenant not to sue that's been entertained, and it could be of great service to the bar if the court could finally address this. Because the only thing you're missing, or we're missing in the jurisprudence from this court, is the fact that you have not specifically applied that to Section 285 attorney's fees. As I say, I think the Hudson case, you've applied it to the civil rights, you've applied it to the Equal Justice, Access to Justice Act, you've applied it, I think, under the ADA and so forth, but there's been no pronouncement from this court dealing with this. Secondly, we think, even assuming, putting aside the subject matter jurisdiction argument, it's clear that the judge was wrong in declaring that this was a prevailing party. Because the judge, as you see in reading his opinion, simply ignored Buckhannon. Buckhannon was a change in the law. Up until Buckhannon, the catalyst theory was out there, it was available, it was viable. Not after Buckhannon. And Judge Jarvie, for whatever reason, just simply said, well, this is a patent case, and Buckhannon did not apply to a patent issue, and therefore, I'm going to basically ignore Buckhannon. And he goes on to cite, in support of his decision of finding a prevailing party, he goes on to cite all cases that predated Buckhannon. And we respectfully submit, Your Honors, that if you follow Buckhannon, there can be only one conclusion, and that is that this party was not a prevailing party to even allow attorney's fees. The fundamental issue has to be, there has to be a change in the legal relationship of the parties. Now, two things on this. One, this was a partial summary judgment that Judge Jarvie granted the defendant as to just certain claims under one of the devices that they were using. It was a partial summary judgment. Under the Vaughn case of this court, Vaughn v. Principi, I'm not sure I'm pronouncing it correctly, you have made clear that there has to be a final enforceable judgment. And a partial summary judgment is an interlocutory judgment. It's not a final enforceable judgment. So number one, it doesn't satisfy Buckhannon in that respect. Secondly, even though the court gave partial summary judgment on certain claims, he denied summary judgment as to the remaining claims. And so therefore, nothing had changed. There was going to be a trial in this lawsuit because there were still remaining claims of infringement that we were making. And therefore, there had not been any change in the legal relationship of the parties to justify denominating FECO as a prevailing party. And we respectfully submit, Your Honors, that under this analysis, it was clearly wrong for the court to allow this. I mean, we spent four days on this attorney fee issue. We called 10 or 12 witnesses. We spent a month filing post-trial briefs. For what? Nobody at that stage had a dispute between the parties as to infringement or invalidity or unenforceability or anything. And that's the problem we as practitioners have with what goes on here unless this court clears this up. And I respectfully submit, if your ruling is, well, there's an exception for attorney's fees, well, then this is going to come every time. Every time somebody decides whether or not to issue a covenant not to sue, you have to ask yourself, well, where's that going to get us? Because what the effect of that is going to be, we're going to end up having a trial. We might as well just proceed ahead. And I don't think that under the existing law that's justified. And in our case, it has cost both parties thousands and thousands of dollars. You're saying just to litigate the attorney fee issue. Yes, sir. We had a four-day trial, 830 till 430, witnesses, cross-examination. We got into all this stuff about invalidating prior art and was it cumulative or not and was it obvious over this reference or not. All of that, we basically tried this case for all practical purposes in the context of an attorney, a request for attorney's fees after we walked away from this case with a covenant not to sue. I would point out to you in terms of the subject matter jurisdiction that I believe the close, let me say this. The attorney's fees here were solely sought under the patent statute? Yes, Section 285, solely. As I understand, Mr. Tank, I think he's going to get up here and tell you, well, in the Hudson case, for example, where you had all of this language about unless there's subject matter jurisdiction, there's no jurisdiction for attorney's fees. He's going to tell you, well, that happened, all those cases were at the outset. There was no subject matter jurisdiction at the outset of the case. And that we're talking about divesting of subject matter jurisdiction after the case proceeds along, such as a covenant not to sue. And I'd submit to you that the court has addressed this, albeit briefly, in the Tunick v. Merit Systems case. This was a case that Judge Lynn and Judge Shaw were involved in. And in that case, it's not a patent case. Granted, it's not a patent case, but it had to do with an administrative law judge who was complaining that they were changing his opinions and he was not given discretionary authority to decide his opinions. But then he retired. After he brought the lawsuit, he retired. And that basically mooted the case. But he tried to argue, well, but I've got a claim for attorney's fees. And you addressed that by saying that even if he had presented a claim for attorney's fees, an interest in attorney's fees is, of course, insufficient to create an Article III case of controversy where none exists on the merits of the underlying claim. And I submit to you that that same principle should now be formally adopted by this court and applied to a Section 285 claim because I cannot discern any rational basis to make a distinction between patent attorney fee claims under 285 and all the other ones that you've dealt with. I see my time's up. I apologize for going over. No, I was keeping an eye on this, Tom. I was going to give you... Mr. Tank is going to have, in effect, an extra two minutes, so I was going to let you have the same amount. Well, but I think I said... So you're not... By the red light, you're over, but by the panel, you're not over yet. But I think I've said what I need to say, and I thank you. Okay, thank you. Mr. Tank? You have your full rebuttal if you need it. Thank you, Your Honor. Here's why we need to be heard on attorney's fees. 20 months after this litigation was started, and when the defendant all along was begging for a trial date, there were, like, two continuances. We got to the brink of trial a couple of times. We were ready to go to trial. We had invested money in this. We had spent money for fees for experts. We had gotten our evidence in a manner that was ready for presentation. We had established the underlying conduct that we felt had given rise to this claim for inequitable conduct. The inventor had admitted to us that he knew that there was prior art out there that had not been submitted. We had the inventor tell us that there was a decision made during prosecution of the 281 patent that this art he knew to be material would not be submitted. They would let the patent issue and would submit it in a continuation. That was what the evidence established. And that's why, that kind of evidence is why this court needs to recognize the ongoing right for a defendant to litigate attorney's fees after a... But didn't Hudson say that... I'm sorry, Your Honor. Didn't Hudson say once jurisdiction is gone, the prevailing party statutes don't apply? If there was never jurisdiction to begin with. In other words, if the case was never subject to subject matter jurisdiction, you cannot have jurisdiction to decide the attorney fee issue. Once jurisdiction vests, the court has the right and the duty to decide any ancillary issues that result from the litigation. What case says that you can award fees under the prevailing party statute if the court loses jurisdiction that it had to begin with? Well, if the court doesn't have jurisdiction, it can't do anything. My argument, and I think what the cases say, is that the court retains subject matter jurisdiction for those independent proceedings supplemental to original jurisdiction. Okay, so what case says that once in the middle of the case the court loses jurisdiction, that it can award fees under a prevailing party statute? Well, I don't think it loses jurisdiction in this case. I can't cite you any case that would say that if, in fact, subject matter jurisdiction is lost, they have the right to do anything. I'll agree with the court on that. The question is, when we have a plaintiff who takes a poison pill on the eve of trial, at the point when the conduct giving rise to the attorney's fees is about to come to light in front of the court, can the plaintiff just call the party over and say, you know what, we went to the patent office, and under false pretenses, we were given this blunt instrument to go out against a competitor and litigate with that competitor for 21 months, let's say knowing that there was no viable claim, knowing that they could never establish a prevailing position in the district court, and then unilaterally simply say, this case is over, the court can't do anything. I think the district court had the right to look at this evidence. But that's the problem that Buchanan addresses. I mean, the Supreme Court may have reached the wrong decision in Buchanan, but basically the Supreme Court says if one party decides to give up, you can't get attorney's fees. No, Buchanan said, under this catalyst theory, there was not a prevailing party. Well, I know it wasn't dealing with the issue of jurisdiction, it was dealing with the prevailing party question, but basically it's addressing the abuse that you say exists, and it's saying, well, just because somebody gives up on the eve of trial or during trial doesn't mean that the court can award attorney's fees. Now, maybe that's the wrong policy, maybe the statute should be amended, maybe the Supreme Court is wrong. But they addressed this very question and said, you can't get attorney's fees if somebody gives up. Unless they give up and there's an imprimatur. Yeah, unless there's a dismissal of prejudice. And Buchanan specifically talked about cases where there was a consent decree and said that in the case of a consent decree, attorney's fees can be awarded. In other words, a consent decree can constitute the judicial imprimatur sufficient to establish a prevailing party under law. And here what we have is the judicial imprimatur, albeit in the form of a dismissal with prejudice. And I think for the same reason... And Buchanan talked about a lot of these practical problems. That, you know, is this the tail on the dog and why, if the plaintiff is wanting to go home and declare this litigation over, should we subject the district court to further hearings and further litigation? And I would suggest to the court that the district court could approach that issue in many different ways. The court could say, we'll decide it based on the papers. The court could have an evidentiary hearing if the court elects to, but it's not required to. The fact is, the court has to decide the issue. Thank you, Your Honor. Thank you. May I claim my 20 seconds? Well, I think we've got a good picture of the case, Mr. Holtman. Thank you. Thank you. The case is submitted.